UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11512-FWS-KS                                            Date: December 15, 2025

Title  *Radmila Balayan v. Warden of Otay Mesa Detention Center*

Present: The Honorable:     Karen L. Stevenson, Chief United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Petitioner:         Attorneys Present for Respondent:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE, TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA**

### I. The Petition

On December 3, 2025, Petitioner, represented by retained counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1.) The Petition reflects that Petitioner is being held by U.S. Immigration and Customs Enforcement ("ICE") on an immigration charge at the Otay Mesa Detention Center in San Diego, California. (*Id.* at 2.) The Petition raises three claims challenging that detention. (*Id.* at 2-3, 7.) More generally, Petitioner raises a constitutional challenge to the duration of the detention without a bond hearing. (*Id.* at 7.)

### II. Legal Standard

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (internal quotation marks and citation omitted). "[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . ." *Id.*; *see also Hosseini v. Warden*, No. CV 19-2529 JAK (SS), 2019 WL 13252062, at *1-2 (C.D. Cal. Apr. 17, 2019) (transferring habeas matter brought under section 2241 – where an immigration detainee held at the Otay Mesa Detention Center in San Diego, California, claimed he was being held too long in ICE custody without a bond – because "venue is proper in the Southern District of California . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11512-FWS-KS                                    Date: December 15, 2025

Title     *Radmila Balayan v. Warden of Otay Mesa Detention Center*

### III.  Discussion

Here, the Petition reflects that Petitioner is currently in ICE custody at the Otay Mesa Detention Center in San Diego, California. (Dkt. No. 1 at 2.) San Diego is located within the jurisdictional boundaries of the Southern District of California. *See* 28 U.S.C. § 84(d).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, **no later than January 14, 2026**, why this Court should not either recommend that the Petition be dismissed without prejudice for lack of jurisdiction or, in the alternative, why this Court should not transfer the Petition to the U.S. District Court for the Southern District of California under 28 U.S.C. § 1631. *See Hosseini*, 2019 WL 13252062 at *1 n.1 ("[A] magistrate judge may transfer a case for improper venue without approval of the district judge.") (collecting cases).

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

**Finally, Petitioner is advised that if he fails to timely respond to this Order to Show Cause, the Court will recommend that this action be dismissed for the failure to comply with Court orders and failure to prosecute.** *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

                                                                                              :
                                                                  **Initials of Preparer**       gr